**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN JENNINGS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-3040-S-BK** |
| | § | |
| **TOWERS WATSON, an entity,** | § | |
| **a/k/a WILLIS TOWERS WATSON PLC,** | § | |
| **Defendant.** | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), *Defendant's Motion to Dismiss for Failure to State a Claim*, Doc. 19, was referred to the undersigned United States magistrate judge for findings of fact and a recommended disposition. On April 2, 2018, the undersigned recommended that Defendant's motion be granted in part, and that Plaintiff's state civil conspiracy claim be dismissed without prejudice to her filing an amended complaint curing the deficiencies identified by the Court. Doc. 29. On April 10, 2018, Plaintiff filed a *Motion for Leave to Supplement the Second Amended Complaint*, which included proposed amendments to her state civil conspiracy claim. Doc. 33; Doc. 33-1. Having reviewed the proposed amendments, the undersigned now recommends that Plaintiff's state civil conspiracy claim be **DISMISSED WITH PREJUDICE**.

**A.    Background**[1]

Plaintiff Christian Jennings brings this *pro se* action against her former employer, Defendant Towers Watson a/k/a Willis Towers Watson PLC. Plaintiff alleges that she was

---

[1] As this is a supplemental recommendation, all background facts are not repeated here, but can be found in the April 2, 2018 *Findings, Conclusions and Recommendation of the United States Magistrate Judge*, Doc. 29.

harassed and discriminated against based on race and disability and terminated in retaliation for complaining about her treatment. Doc. 11 at 9-14. Based on these allegations, Plaintiff asserted, among other claims, a state civil conspiracy claim, which Defendant subsequently moved to dismiss. Doc. 11 at 10; Doc. 19 at 5-6.

**B.     Legal Standard**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The complaint should not simply contain conclusory allegations, but must be pleaded with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and internal quotation marks omitted).

**C.     Analysis – Civil Conspiracy Claim**

Plaintiff alleges that Defendant conspired "to discriminate against [her] as a minority employee and to dismiss her without actual cause." Doc. 11 at 10. Defendant moves to dismiss this claim, arguing that, *inter alia*, Plaintiff failed to plead an underlying state tort. Doc. 19 at 5-

6.  In the previous Findings, Conclusions and Recommendation, the Court agreed with Defendant, finding that Plaintiff failed to allege an underlying state tort claim and, consequently, failed to allege a state civil conspiracy claim. Doc. 29 at 4-6.  By her proposed amendments, Plaintiff seeks to properly allege an underlying state tort claim.  Considering Plaintiff's *pro se* status, the Court liberally construes Plaintiff's amendments to assert three underlying tort claims in relation to her state civil conspiracy claim: defamation, intentional infliction of emotional distress ("IIED"), and negligent hiring.  *See* Doc. 33-1 at 2-5.  The Court finds, however, that even considering the underlying torts now alleged, Plaintiff's state conspiracy claim fails to pass scrutiny under Rule 12(b)(6).

Under Texas law, the elements of a civil conspiracy include: "(1) [the participation of] two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (citation omitted).  However, because Texas civil conspiracy is a derivative tort, a defendant's liability for a civil conspiracy depends on the commission of an underlying state law tort.  *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *see Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9242015, at *4 n.1 (E.D. Tex. June 10, 2016) (dismissing civil conspiracy claim were plaintiff's allegations did not "provide a plausible link between a conspiracy and the commission of an underlying *state* tort") (emphasis added) (citing *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013)), *adopted by* 2016 WL 3995731 (E.D. Tex. July 25, 2016).  If a plaintiff fails to allege a separate underlying tort claim that passes Rule 12(b)(6) scrutiny, then a claim for civil conspiracy necessarily fails.  *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (citing *Tilton*, 925 S.W.2d at 681).

3

### 1. Defamation

Plaintiff alleges that sometime after her termination, she was publicly defamed by Gayl Tobias, a member of Defendant's office management staff. Doc. 3 at 39; Doc. 11 at 8-9; Doc. 33-1 at 2-3. Specifically, Plaintiff alleges that Tobias was overheard in the women's restroom telling other female employees that Plaintiff "was not hurt from tripping over a curb and that she just did not want to work," so company managers "[h]ad to get that bitch up outta here and that's that." Doc. 33-1 at 2 (emphasis omitted); Doc. 3 at 39. Plaintiff contends that "such defamatory statements fall into the category or 'state torts' in Texas." Doc. 33-1 at 3.

"Under Texas law, an employer may be held vicariously liable for defamatory comments made by an employee in the scope of his or her employment." *McCall v. Sw. Airlines Co.*, 661 F. Supp. 2d 647, 658 (N.D. Tex. 2009) (Lynn, J.) (collecting cases). "An action for vicarious liability lies where the defamation 'is referable to the duty owing by the agent to the corporation, and was made while in the discharge of that duty.'" *Id.* (quoting *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002)). Stated differently, an "employee's defamation must have occurred while the employee was acting for the employer's benefit." *Minyard*, 80 S.W.3d at 578. An employer cannot be held vicariously liable simply because an employee made defamatory comments at the employer's place of business during business hours. *See Grogan v. Sav. of Am., Inc.*, 118 F. Supp. 2d 741, 750 (S.D. Tex. 1999) (noting that if the opposite were true "every statement made in the workplace would be attributable to the employer") (citing *Wagner v. Caprock Beef Packers Co.*, 540 S.W.2d 303 (Tex. 1976)).

Plaintiff fails to allege facts that plausibly suggest Tobias' comments to other employees in the women's restroom were made while she was acting for Defendant's benefit and while discharging the duties assigned to her. *Minyard*, 80 S.W.3d at 577-78. The mere fact that

4

Tobias allegedly made the comments in the workplace during business hours is insufficient.

*Grogan*, 118 F. Supp. 2d at 750.  Thus, Tobias' comments cannot sustain a defamation claim

against Defendant.

### 2.  IIED and Negligent Hiring

The Court construes an IIED claim from Plaintiff's allegation that the "collective actions

of the various corporate employees resulted in significant emotional distress and psychological

injury," which "caus[ed] an ongoing series of bouts with depression, Loss [sic] of a spouse of 10

years and other related physical symptoms." Doc. 33-1 at 6.  However, an IIED claim is not

viable because it is based on the same facts that underpin Plaintiff's hostile work environment

and discrimination claims, which are still pending before the Court.  *See Hoffmann-La Roche,*

*Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (noting that IIED claims were judicially

created for the limited purpose of allowing recovery in those rare instances when a defendant

inflicts severe emotion distress in an unusual manner for which the victim has no other

recognized cause of action).

Lastly, Plaintiff argues that Defendant's "liability for negligent hiring, a Texas tort,

clearly applies to support Plaintiff's conspiracy cause of action." Doc. 33-1 at 4-5.  However,

the Texas Supreme Court has "consistently held that there cannot be a civil conspiracy to be

negligent." *Tri*, 162 S.W.3d at 557.  Accordingly, Plaintiff's claim for negligent hiring may not

serve as the underlying tort in her civil conspiracy claim.

### D.    Leave to Amend

Ordinarily, a *pro se* litigant should be granted leave to amend their complaint prior to

dismissal.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam).  However,

leave need not be granted if the court determines that amendment would be futile. *Stripling v.*

*Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000); *see Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.").

It previously was recommended that Plaintiff be granted leave to amend to cure the deficiencies noted in her state conspiracy claim largely because she had not before been granted the opportunity to do so. Since then, however, Plaintiff has filed the proposed amendments considered herein. *See* Doc. 33-1. As detailed above, Plaintiff's proposed amendments are futile and do not cure the deficiencies previously identified. *Marucci Sports*, 751 F.3d at 378. Under these circumstances, the Court can only conclude that Plaintiff has already pled her best case; thus, granting further leave to amend Plaintiff's civil conspiracy claim is not warranted. *Stripling*, 234 F.3d at 872-73, *see also Brewster*, 587 F.3d at 768 (leave to amend is not required when the plaintiff "has already pleaded his best case") (internal quotation marks and quoted case omitted).

## E.    Conclusion

For the reasons stated herein, Plaintiff's state civil conspiracy claim should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 16, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE