IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN JENNINGS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:17-CV-3040-S-BK |
| | § | |
| TOWERS WATSON, AN ENTITY, | § | |
| A/K/A WILLIS TOWERS | § | |
| WATSON PLC, | § | |
|     DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Referral*, Doc. 96, before the Court is Plaintiff's *Motion to Alter or Amend Judgment*, Doc. 95. For the reasons that follow, the motion should be **DENIED**.

In this employment discrimination case, Plaintiff asserted claims for racial and disability discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 2009 ("ADA"). Doc. 11 at 9-14. The Court previously dismissed Plaintiff's civil conspiracy claim. Docs. 29; 38.

Based upon Defendant's *Motion for Summary Judgment*, Doc. 72, the undersigned recommended that the matter be dismissed with prejudice on all of Plaintiff's pending claims because Plaintiff failed to administratively exhaust her discrimination and hostile work environment claims. Doc. 81 at 6. The undersigned also concluded that even if Plaintiff had exhausted her administrative remedies, Plaintiff's claims fail as a matter of law because (1) Plaintiff offered no evidence of disability under the ADA; (2) Plaintiff failed to establish that she suffered an adverse employment action; (3) Plaintiff failed to establish that Defendant's non-

discriminatory basis for her firing—unexcused and excessive absences and tardies—was pretextual; (4) and Plaintiff offered no evidence that Defendant's alleged conduct was objectively and subjectively abusive. Doc. 81 at 7-10. The District Judge adopted the recommendation and granted Defendant's *Motion for Summary Judgment*, Doc. 72, on September 12, 2019. Doc. 92. Plaintiff's *Motion to Alter or Amend Judgment* followed on September 30, 2019. Doc. 95. By her motion, Plaintiff continues to assert that she established a prima facie case for her discrimination and hostile work environment claims. Doc. 95 at 6-16. Plaintiff also argues for the first time that administrative exhaustion is not a jurisdictional prerequisite under Title VII and that the continuing violation theory relives her of the requirement of administrative exhaustion. Doc. 95 at 3-4.

A Rule 59(e) motion for new trial or to alter or amend a final judgment "calls into question the correctness of a judgment." *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). It is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *Id.* A Rule 59(e) motion to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Id.* at 479. Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Id.* The Rule 59(e) standard favors the denial of motions to alter or amend a judgment. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The Court has thoroughly considered Plaintiff's arguments regarding her alleged prima facie case for disability discrimination, race discrimination, and hostile work environment. Doc. 81 at 6-11. Because a Rule 59(e) motion is not a vehicle for rehashing those arguments,

Plaintiff's Rule 59(e) motion should be denied in this regard. *Templet*, 367 F.3d at 479. Further, Plaintiff's new arguments based on the continuing violation theory and that administrative exhaustion is not a jurisdictional prerequisite do not provide support for altering or amending the judgment because those arguments could have been, but were not, raised previously. *Id.* Accordingly, Plaintiff's *Motion to Alter or Amend Judgment* should be **DENIED**.

**SO RECOMMENDED** on January 14, 2020.

RENÉE HARRIS TOLIVER

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).